IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| In re:<br><br>4E BRANDS NORTHAMERICA LLC,[1]<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 22-50009<br>)<br>) |

**APPLICATION TO RETAIN JACKSON WALKER LLP
AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

4E Brands Northamerica LLC (the "Debtor") files this application (this "Application") for entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtor to retain and employ Jackson Walker LLP as counsel, and respectfully state as follows:

**I. JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is 4E Brands Northamerica LLC (0130). The Debtor's principal place of business is 17806 Interstate Highway 10, Suite 300, San Antonio, TX 78257. The Debtor's service address is: 700 Canal Street, Suite 12E, Stamford, CT, 06902.

31798748v.2

3. The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II. BACKGROUND

4. On February 22, 2022, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor is winding down its business operations and continues to manage the wind-down and its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2022, the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 36]. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case.

5. Prior to the Petition Date, the Debtor distributed personal care products throughout the United States. To meet demand during the COVID-19 pandemic, the Debtor increased distribution of its hand sanitizer products. Unbeknownst to the Debtor, some of the hand sanitizer it distributed was contaminated with methanol. The U.S. Food and Drug Administration ("FDA") issued a recall for some product and the Debtor voluntarily recalled the remaining product. The Debtor is no longer operating and filed this case to fully wind down its business. A detailed description surrounding the facts and circumstances of this case is set forth in the *Declaration of David M. Dunn, Chief Restructuring Officer of 4E Brands Northamerica LLC, in Support of the Chapter 11 Petition and First Day Motions* (the "First Day Declaration") [Docket No. 5].

6. Additional factual background and information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the commencement of the Chapter 11 Case, is set forth in detail in the First Day Declaration.

### III. RELIEF REQUESTED

7. The Debtor desires to employ the law firm of Jackson Walker LLP (the "Firm"), 1401 McKinney Street, Suite 1900, Houston, Texas 77010 to serve as its counsel in this case, in accordance with the conditions set forth in that certain Engagement Letter between the Debtor and the Firm, as of December 8, 2021 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit A**, and incorporated herein by reference.

8. In support of the Application, the Debtor submits the Declaration of Matthew D. Cavenaugh (the "Cavenaugh Declaration"), a partner of the Firm, which is attached hereto as **Exhibit B**.

**A.    Necessity for Retention of Counsel and Scope of Services**

9. The retention of counsel is necessary to the successful administration of this chapter 11 case, and that the Firm's employment would be in the best interest of the estates. The Firm's complex chapter 11 experience, as well as its extensive practice before this Court, and knowledge of the Bankruptcy Local Rules and practices, make it substantively and geographically ideal to efficiently serve the Debtor's needs. The Firm regularly represents chapter 11 debtors in the Southern District of Texas and throughout Texas, and thus is well qualified by its experience to serve as counsel to the Debtor in this proceeding.

**B.    The Firm's Qualifications**

10. The Debtor seeks to retain the Firm as set forth herein because of the Firm's recognized and extensive experience and knowledge of chapter 11 business reorganization as well as its experience practicing in Texas and in this District.

11. The Firm has been actively involved in many major chapter 11 cases and has represented many debtors in districts throughout Texas.

12. In preparing for its representation of the Debtor in this chapter 11 case, the Firm has become familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this chapter 11 case. The Debtor believes that the Firm is both well-qualified and uniquely able to represent the Debtor in this chapter 11 case in an efficient and timely manner.

**C.    Compensation**

13. The proposed arrangement for compensation is set forth in the Engagement Letter. *See* **Exhibit A**. The Firm's fees are determined on the basis of time billed at hourly rates. The Firm's hourly rates vary with the experience and seniority of its attorneys and paralegals, and are adjusted on October 1 of each year. Work is assigned among attorneys and other professionals so as to meet the Debtor's needs, including timing requirements, in an economically efficient manner, typically resulting in blended rates of approximately $604 per hour or less. The Firm did not vary from, or agree to any alternatives to, its standard or customary billing arrangements for this engagement.

14. Expenses related to the Firm's services will be included in the Firm's applications for compensation, which may include third-party disbursements, such as travel expenses, messenger charges, filing and recording fees, and other costs. It is the Firm's intent to bill such expenses at the Firm's cost. Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with the Firm's standard schedule of charges. To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, the Firm may ask that the Debtors be responsible for paying them directly, rather than through the Firm.

4

15. The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates. The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Southern District of Texas, and any other orders of the Court. The Debtors will be jointly and severally liable for all fees and expenses incurred by the Firm for services rendered to the Debtors pursuant to the Engagement Letter.

16. The Firm and the Debtor entered into the Engagement Letter on December 8, 2021. The Debtor's parent, 4E Global S.A.P.I. de C.V., paid the Firm retainers in the total amount of $965,797.50 (the "Retainer"). A second Engagement Letter (expanding the scope of services) was executed on January 26, 2022. The Firm assisted the Debtor with the preparation necessary for the filing of their voluntary petitions and transitioning their operations into chapter 11. Prior to the filing of these cases, the Firm applied $462,162.45 of Retainer funds to pay for all prepetition services. The Firm continues to hold a retainer in the amount of $503,635.05.

17. Matthew D. Cavenaugh's hourly rate is $950.00. The rates of other restructuring attorneys in the Firm range from $525.00 to $985.00 an hour, and the rates of paraprofessionals range from $195.00 to $205.00 per hour. These rates are consistent with rates that the Firm charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

**D.     The Firm is Disinterested**

18. To the best of the Debtor's knowledge, these attorneys have no interest adverse to the Debtor, or to the Debtor's bankruptcy estate, and are disinterested. The Firm has no connections with the Debtor, the Debtor's creditors, any other party in interest, their respective

attorneys and accountants, the U.S. Trustee, or any other person employed in the office of the U.S. Trustee herein, except as disclosed in the Cavenaugh Declaration.  The Cavenaugh Declaration demonstrates that although the Firm represents and has represented a number of the Debtor's creditors or affiliates of the Debtor's creditors, those matters are not substantially related to the Debtor's bankruptcy case; the representations are concluded; the representation is of an affiliate; or the representations and the claims of those creditors are immaterial and *de minimis*.

**E.     Supporting Authority**

19.     The Debtor seeks approval to retain the Firm pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21.     For all the reasons stated herein, the retention and employment of the Firm as requested herein is warranted.  As stated in the Cavenaugh Declaration, the Firm is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor, and has no

connection to the Debtor, its creditors, or other parties in interest except as set forth in the Cavenaugh Declaration. Accordingly, the Debtor requests that the Court approve the Application.

WHEREFORE, the Debtor requests that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: March 24, 2022<br>Houston, Texas | */s/ David Dunn*<br>David Dunn |

**Certificate of Service**

  I certify that on March 24, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                   /s/ *Matthew D. Cavenaugh*
                   Matthew D. Cavenaugh

31798748v.2