IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| 4E BRANDS NORTHAMERICA § | CASE NO. 22-50009 |
| LLC § | |
| Debtor | |

*AMENDED* MOTION TO VACATE EMPLOYMENT ORDER, FINAL FEE ORDER, FOR DISGORGEMENT AND SANCTIONS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW, Barry Green as Wrongful Death Representative of the Estate of Joshua Maestas, and Carolina Maestas, general unsecured creditors of the estate,

and file this *Motion to Vacate the Final Fee Order of Jackson Walker, For Disgorgement and Sanctions,* and respectfully shows the Court as follows:

> Federal Rule of Bankruptcy Procedure 2014(a) requires any professional applying for employment to set forth "to the best of the applicant's knowledge" all known connections of the applicant with the "debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Although this provision does not explicitly require ongoing disclosure, "case law has uniformly held that under Rule 2014(a), (1) full disclosure is a continuing responsibility, and (2) an attorney is under a duty to promptly notify the court if any potential for conflict arises." *In re Metropolitan Environmental, Inc*., 293 B.R. 871, 887 (Bankr. N.D. Ohio 2003) (collecting cases)."Though this provision allows the fox to guard the proverbial hen house, counsel who fail to disclose timely and completely their connections proceed at their own risk because failure to disclose is sufficient grounds to revoke an employment order and deny compensation." *In re Crivello*, 134 F.3d 831, 836 (7th Cir. 1998); see *Rome v. Braunstein*, 19 F.3d 54, 59-60 (1st Cir. 1994) ("As soon as counsel acquires even a constructive knowledge reasonably suggesting an actual or potential conflict, a bankruptcy court ruling should be obtained. . . . Absent the spontaneous, timely and complete disclosure required by section 327(a) and [Rule] 2014(a), court-appointed counsel proceed at their own risk." (internal citations omitted)).

*I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.)*, 432 F.3d 347, 355 (5th Cir. 2005)

1. The original judge overseeing this case (Jones) was in an intimate relationship with Ms. Freeman, a bankruptcy partner at Jackson Walker in the Bankruptcy, Restructuring & Recovery section from 2017 through December 2022 ("**Jackson Walker Partner**").

2. The judge and the Jackson Walker Partner cohabited (lived in the same house) since approximately 2017.

**MOTION**

3. The Jackson Walker Partner left the employ of Jackson Walker in approximately December 2022, however she retained and utilized office space provided by Jackson Walker at least through September 2023.

4. While the relationship was, upon information and belief, generally known by at least a handful of lawyers at Jackson Walker, Jackson Walker as an institution proclaims that they only became aware of the relationship no later than March 2021.

5. Matthew Cavenaugh and other members of the Jackson Walker law firm have regularly appeared in the Judge's court since 2017 and appeared in this case requesting employment as Debtor's Counsel.

6. On March 24, 2022, Jackson Walker requested permission to be employed as counsel for the debtor and debtor-in-possession. (Docket #72)

7. Exhibit B to Jackson Walker's application is Matthew Cavenaugh's declaration in support of the application (the "**Cavenaugh Declaration**"). (Docket #72-2)

8. The **Cavenaugh Declaration** (dated March 24, 2022), fails to disclose the known relationship between the Jackson Walker Partner and the bankruptcy judge overseeing the case.

9. Mr. Cavenaugh signed the declaration under the penalties of perjury and more than a year after Jackson Walker acknowledges they were aware of the relationship.

10. Jackson Walker as an institution admits to becoming aware of the relationship no later than March of 2021, however neither Mr. Cavenaugh nor Jackson Walker has provided any additional or amended disclosures to date.

11. In order for a firm[1] to be employed by a debtor or debtor-in-possession, it must show that it holds no interest adverse to the estate[2], and further that it is *disinterested*[3].

---

[1] FED. R. BANKR. P. 9001(6)
[2] 11 U.S.C. § 327(a)
[3] 11 U.S.C. § 101(14)
MOTION

12. In addition to the disclosure requirements contained in section 327, Bankruptcy Rule 2014 requires additional disclosures regarding connections to all parties-in-interest in the case. FED. R. BANKR. P. 2014.

13. Full disclosure is a continuing responsibility.  See *In re Beirne, Maynard & Parson, L.L.P. v. Cypresswood Land Partners*, 2010 U.S. Dist. LEXIS 146549, at *25–26 (S.D. Tex. 2010); see also *I.G. Petroleum, L.L.C. v. Fenasci (In re West Delta Oil Co.)*, 432 F.3d 347, 355 (5th Cir. 2005) (holding that "[w]e have observed that these standards are 'strict' and that attorneys engaged in the conduct of a bankruptcy case 'should be free of the slightest personal interest' … [a]ccordingly, we are 'sensitive to preventing conflicts of interest' and require a 'painstaking analysis of the facts and precise application of precedent' ")

14. Jackson Walker failed to make full disclosure and has to-date failed to fully disclose to the Court and parties-in-interest regarding the relationship of their former partner and the judge.

15. The remedy for such a failure to disclose is disgorgement and sanctions. Intentional failure warrants the harshest sanctions.  *See, e.g., In re Hot Tin Roof, Inc.*, 205 B.R. 1000 (B.A.P. 1st Cir. 1997); *In re Balco Equities Ltd., Inc.*, 345 B.R. 87, 112 (Bankr. S.D.N.Y. 2006) (concluding that at a minimum, failure to disclose is an exacerbating factor warranting the reduction or denial of fees for lack of disinterestedness and regardless of the precise application, willful or intentional failure to disclose merits the harshest sanctions).

16. Conversion of this case should also be considered due to the intentional failure to disclose.  See *In re Fed. Roofing Co., Inc.*, 205 B.R. 638, 643 (Bankr. N.D. Ala. 1996) (When the debtor in possession was guilty of numerous irregularities, court found that its "disregard of the proper procedure in the employment of professionals constitutes cause warranting dismissal or conversion" of the case under section 1112(b) of the Code.)

17. The Local Rules of the United States District Court for the Southern District of Texas apply to practice before the bankruptcy court. LOC. R. BANKR. P. 1001-1(b). District Court Local Rule 83.1(J) provides that the Rules of Discipline contained in Appendix A to the Local Rules govern attorney conduct in the Southern District of Texas. Rule 1(A) of Appendix A provides that the minimum standard of practice in the Southern District of Texas shall be the Texas Disciplinary Rules of Professional Conduct. See *In re Proeducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009). Rule 1(B) of Appendix A provides that a violation of the Texas Disciplinary Rules of Professional Conduct shall be grounds for disciplinary action although the Court is not limited by the Texas rules. See *Id*. *Decloutte v. Austin (In re Decloutte)*, Nos. 14-35557, 12-35092, 16-3275, 17-3237, 2018 Bankr. LEXIS 1869, at *32 (Bankr. S.D. Tex. 2018)

18. Rule 3.03 of the Texas Disciplinary Rules of Professional Conduct provides that a lawyer shall not knowingly fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a fraudulent act. TEX. DISCIPLINARY R. OF PROF. CONDUCT §3.03(a).  In addition, a lawyer shall not knowingly offer or use evidence that the lawyer knows to be false. *Id*.

> The duty of candor applies not only to the duty to disclose material information relating to the merits of a matter, but also to "facts relating to the management of the case." *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 146 F. Supp. 2d 643, 652-53 (D.N.J.) 2001 (citing the comments to the New Jersey Rule of Professional Conduct 3.3 - Candor Towards the Tribunal). See *In re Thomas*, 337 B.R. 879, 892, n.50 (Bankr. S.D. Tex. 2006) (noting the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, RULE 3.03: CANDOR TOWARD THE TRIBUNAL is similar in substance to NEW JERSEY RULE OF PROFESSIONAL CONDUCT, RULE 3.3(A)). A failure to disclose can constitute a breach of an attorney's duty of candor. *Blackwell v. Dep't of*

*Offender Rehabilitation*, 807 F.2d. 914, 915 (11th Cir. 1987).

*Decloutte v. Austin (In re Decloutte)*, Nos. 14-35557, 12-35092, 16-3275, 17-3237, 2018 Bankr. LEXIS 1869, at *33 (Bankr. S.D. Tex. 2018)

19. The intentional failure to comply with the disclosure requirements of the Bankruptcy Code and the Bankruptcy Rules mandates vacating the employment order, the orders approving fees and the disgorgement of all fees received by Jackson Walker.

20. Sanctions would also be warranted for any intentional or knowing non-disclosure.

**WHEREFORE**, Movants request the Court to vacate the order of employment in this case, vacate all orders awarding fees to Jackson Walker, award sanctions and attorney fees, as well as all additional relief that the Movants may show themselves entitled.

Dated:  October 27, 2023.

Respectfully submitted,

By:  */s/ Johnie Patterson*
Johnie Patterson
SBN#15601700
COUNSEL FOR MOVANTS

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**jjp@walkerandpatterson.com**

### CERTIFICATE OF SERVICE

   I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Motion was served on Matt Cavenaugh and all other parties receiving notice pursuant to the Court's CM/ECF system by electronic transmission on October 27, 2023.

By:  */s/ Johnie Patterson*
Johnie Patterson

**MOTION**