IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| 4E BRANDS NORTHAMERICA LLC | § CASE NO. 22-50009 |
| | § |
| Debtor | § |

## MOTION TO RECUSE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW, Barry Green as Wrongful Death Representative of the Estate of Joshua Maestas, and Carolina Maestas, general unsecured creditors of the estate, and file this *Motion to Recuse,* and respectfully shows the Court as follows:

> Section 455(a) deals not only with actual bias and other forms of partiality, but also with the appearance of partiality. It requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking such disqualification "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (internal quotation marks and citations omitted). The objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (internal quotation marks and citation omitted).

*Jackson v. Valdez*, 852 F. App'x 129, 133 (5th Cir. 2021)

1. Movants have requested disgorgement of fees based upon the nondisclosure of a relationship between a partner at Jackson Walker LLP and the then sitting bankruptcy judge for the case (Case No. 22-50009).
2. This Court was previously presented with allegations concerning the relationship and denied the requested relief.
3. In addition, this court has had a personal relationship with the previous judge spanning more than thirty (30) years, providing him his job out of law school, and working with him continuously until taking the bench. This court was one of only two hearing all complex cases in this district, and routinely referred each other mediations and complex settlements, including the prior denied motion to recuse Judge Jones based upon allegations of the same facts.
4. Additional, personal facts, together with the above, if known by an objective observer may harbor doubts about the Court's partiality in this matter.
5. 28 U.S.C. § 455(a) provides: Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**Motion**

> Section 455(a) sweeps broader than § 144: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance," *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994), because "justice must satisfy the appearance of justice," *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955). In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg*, 486 U.S. at 860-61).

*United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021)

6. As indicated in the *Brocato*, the Fifth Circuit instructs that it is not the reality of bias or prejudice, but the ***appearance***. *Id*.

7. If all facts were known to a reasonable observer, Movants believe that the resulting appearance requires this Court to recuse in this matter.

8. Movants request the Court recuse in this matter to avoid the appearance of impropriety.

9. Movants further request that the resulting transfer be a transfer off of the complex panel of judges.

>   **WHEREFORE**, Movants request the Court to grant its Motion To Recuse, order the matter transferred off the complex panel, and for such other and further relief, at law or in equity, to which they may be justly entitled.

Dated:  October 30, 2023.

**MOTION**

                                                Respectfully submitted,

                                                By: */s/ Johnie Patterson*
                                                Johnie Patterson
                                                SBN#15601700
                                                COUNSEL FOR MOVANTS

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**jjp@walkerandpatterson.com**

## CERTIFICATE OF SERVICE

   I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Motion was served on Matt Cavenaugh and all other parties receiving notice pursuant to the Court's CM/ECF system by electronic transmission on October 30, 2023.

                                                By: */s/ Johnie Patterson*
                                                Johnie Patterson