UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, THE WESTERN AND SOUTHERN DISTRICTS OF TEXAS
AUBREY L. THOMAS
ASSISTANT UNITED STATES TRUSTEE
615 E. HOUSTON ST., SUITE 533
SAN ANTONIO, TX 78205
Telephone: (210) 472-4640
Facsimile: (210) 472-4649
E-mail:  Aubrey.Thomas@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | |
|---|---|
| IN RE: § § § **Chapter 11** § **4E BRANDS NORTHAMERICA LLC,** § § **CASE NO.  22-50009** § DEBTOR. § § | |

**THE UNITED STATES TRUSTEE'S**
**STATEMENT REGARDING CASE ASSIGNMENT**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee") and respectfully sets forth certain facts regarding the assignment of the above-entitled case, which the Court may find relevant for purposes of considering the Motion to Recuse (ECF No. 511). Specifically, General Order 2023-11, which reassigned all cases after Judge David R. Jones's resignation, assigned all non-complex Laredo chapter 11 cases to Judge Jeffrey Norman.  This case has never been a complex case under the Procedures for Complex Cases in the Southern District of Texas ("Complex Case Procedures").  Therefore, under General Order 2023-11, the case should have been reassigned to Judge Norman.

1

1. On February 22, 2022, the Debtor filed a voluntary petition for relief under chapter 11 in the Laredo Division for the Southern District of Texas. ECF No. 1.

2. As of the petition date, the Debtor had $59,101.06 in assets and over $8,580,380.52 in scheduled liabilities. *See*, ECF No. 50. The Debtor's principal place of business was listed as 17806 IH-10W, Suite 300, San Antonio, TX 78257. *See*, ECF No. 1.

3. As of the petition date, Judge Jones was the only judge assigned to non-complex chapter 11 cases filed in the Laredo division. General Order 2019-4 (assigning all cases in the Laredo division to Judge Jones). Complex cases filed anywhere in the Southern District of Texas were assigned randomly between Judge Jones and Judge Marvin Isgur. General Order 2018-1.

4. Based on the number of creditors of the Debtor, the Debtor was eligible to elect to proceed under the Complex Case Procedures. *See*, ECF No. 1, pg. 4 (estimated number of creditors, 200-999); PROCEDURES FOR COMPLEX CASES IN THE SOUTHERN DISTRICT OF TEXAS, *available at* https://www.txs.uscourts.gov/sites/txs/files/Complex_11_Procedures_101820231.pdf. To select complex case treatment, the Debtor was required to file a Notice of Designation of a Complex Case with the petition. PROCEDURES FOR COMPLEX CASES IN THE SOUTHERN DISTRICT OF TEXAS, § A(2).

5. The Debtor did not file a Notice of Designation of a Complex Case with the petition. By filing the case without the Notice of Designation, Jackson Walker ensured that Judge Jones received the Debtor's case assignment.

6. Although Judge Jones began the first day hearings by applying the complex procedures *sua sponte*, he recognized the case did not have the Complex Case designation:

```
                                                                    6
 1        THE COURT:  All right.  Thank you.  I have had a
 2  chance to read everything.  This seems just extremely easy.  As
 3  you can see, I went ahead and in accordance with the complex
 4  procedures, and I do want to just, quite frankly because it
 5  makes my life easier, I -- absent an objection, I do intend on
 6  applying the complex procedures to the case, even though it
 7  does not have the designation.  I certainly understand that.
 8  No requirement that there be one.  But I think the rules just
 9  work so well that absent a compelling objection from someone,
10  I'm just by docket entry going to make them applicable.
11  Anybody want to argue against that?
12        MR. CAVENAUGH:  No opposition from the debtors, Your
13  Honor.  We appreciate that.
14        THE COURT:  All right, thank you.  Then we'll just do
15  that, Ms. Portillo, by docket entry.
```

ECF No. 28, pg. 6.

7. Not only did the Debtor not designate the case as complex, the Court also never issued an order designating it complex and requiring reassignment to the complex panel. For example, in J.C. Penney Company, Inc., Case Number 20-20182, the Debtors filed their cases in the Corpus Christi division without using the complex case designation (which was required in those cases because of the amount of debt). Because Judge Jones was, at that time, assigned all non-complex chapter 11 cases filed in the Corpus Christi division, the case was originally assigned to him. Judge Jones entered an order providing that the case needed to be administered as a complex case and requiring the case to be randomly reassigned in accordance with the Complex Case Procedures. Case No. 20-20182, ECF Nos. 9 & 11.

8. In this case, where the Debtor was not required to select complex case treatment and specifically did not do so, no similar order was entered, and the case was not randomly reassigned to a judge on the complex case panel.

9. General Order 2023-11 assigns 100% of chapter 11 non-complex Laredo cases to Judge Norman.  It also reassigned all cases previously assigned to Judge Jones in the percentages shown in the general Order for new cases.

10. Therefore, the U.S. Trustee notes that under the Court's General Order 2023-11, this case should have been reassigned to Judge Norman.

Dated: December 11, 2023

Respectfully submitted,
KEVIN M. EPSTEIN
United States Trustee Region 7
Southern and Western Districts of Texas

By: /s/ Aubrey L. Thomas
Aubrey L. Thomas
Assistant United States Trustee
Texas State Bar No. 24130279
615 E. Houston St., Suite 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Facsimile: (210) 472-4649
E-mail:  Aubrey.Thomas@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing U.S. Trustee's Statement Regarding Case Assignment was served by electronic means for all Pacer system participants on this the 11th day of December 2023.

/s/Aubrey L. Thomas
Aubrey L. Thomas