**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-50009** |
| **4E BRANDS NORTHAMERICA LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 11** |

<u>**MEMORANDUM OPINION**</u>

Barry Green, as wrongful death representative of the estate of Joshua Maestas, and Carolina Maestas, general unsecured creditors of the estate, seek to recuse the Hon. Marvin Isgur, United States Bankruptcy Judge for the Southern District of Texas, Houston Division from the instant chapter 11 proceeding. Upon receiving the motion to recuse, Judge Isgur issued an order referring the matter to the undersigned Chief Bankruptcy Judge to consider the motion or to refer the matter to another judge. On December 12, 2023, this Court held an evidentiary hearing on the matter at the United States Bankruptcy Court in Laredo Texas. Having considered the evidence in the record, the arguments of counsel, and the applicable law, the Motion to Recuse is denied.

## I.   BACKGROUND

1.   On February 2, 2022 (the "*Petition Date*") 4E Brands Northamerica LLC ("*Debtor*") filed for bankruptcy protection under, chapter 11 of the Bankruptcy Code[1] initiating the instant bankruptcy case. David R. Jones, former United States Bankruptcy Judge, Southern District of Texas, Houston Division originally presided over this case.

2.   On May 2, 2022, former Judge Jones entered an order granting Debtor's application to employ Jackson Walker, LLP ("*Jackson Walker*") as co-counsel for the Debtor and Debtor-in-possession.[2]

3.   On November 6, 2022, former Judge Jones entered an order approving Jackson Walker's

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[2] ECF No. 120.

First Interim Fee Application in the amount of $390,118.68 for the period from February 22, 2022 through May 31, 2022.[3]

4. On December 29, 2022 former Judge Jones entered an order approving Jackson Walker's Second Interim Fee Application in the amount of $476,607.63 for the period from June 1, 2022 through October 26, 2022.[4]

5. On October 13, 2023, pursuant to General Workorder 2023-10, Judge Isgur was added to this case and former Judge Jones' involvement with this case was terminated.[5]

6. On October 16, 2023, former Judge Jones submitted his letter of resignation to the Fifth Circuit Court of appeals effective November 15, 2023. On the same date, Chief Bankruptcy Judge Eduardo V. Rodriguez issued a revised work order.[6]

On October 30, 2023 Barry Green ("*Green*") as Wrongful Death Representative of the Estate of Joshua Maestas, and Carolina Maestas, general unsecured creditors of the estate, filed the instant Motion to Recuse Judge Isgur in this case ("*Motion To Recuse*").[7]

7.

8. On December 12, 2023, the Court held an evidentiary hearing on the Motion to Recuse, took the matter under advisement, and now issues its instant Memorandum Opinion.

## II.   JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[8] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) this proceeding is a core matter as it concerns the administration of the estate.

---

[3] ECF No. 367.
[4] ECF No. 428.
[5] October 13, 2023 Min. Entry.
[6] General Order 2023-11.
[7] ECF No. 511.
[8] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

This Court may only hear a case in which venue is proper.[9] Pursuant to 28 U.S.C. § 1408(1), venue is proper "in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding [the petition date]…" Here, venue is proper pursuant to § 1408(1).

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[10]

## III. ANALYSIS

Pursuant to 28 U.S.C. § 455(a), Green requests that the currently presiding judge, the Honorable Judge Marvin Isgur, recuse himself from this case.[11] The Court will now consider the Motion to Recuse.

### A. Standard of Review for Recusal

Two federal statutes govern recusal of federal judges for bias: 28 U.S.C. §§ 144 & 455. Section 144 requires recusal when a judge "has a personal bias or prejudice" against or in favor of a party. Section 455(a) sweeps broader than § 144: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under § 455(a), "what matters is not the reality of bias or prejudice but its

---

[9] 28 U.S.C. § 1408.
[10] See, e.g., *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).
[11] *Id.*

appearance"[12] because "justice must satisfy the appearance of justice."[13] In applying the statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."[14] The objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person."[15]

Of course, not all favorable or unfavorable opinions can be described as bias or partiality within the meaning of §§ 144 and 455(a). Rather, the concept of bias "connote[s] a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess ... or because it is excessive in degree."[16] Accordingly, a judge is not generally required to recuse for bias, even if the judge is "exceedingly ill disposed towards the defendant," when the judge's "knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings[.]"[17] Thus, under either statute, adverse rulings or comments by a judge "will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."[18] The existence of an "extrajudicial source" is "a significant (and often determinative) ... factor" in deciding recusal matters.[19] At the same time, "the presence of extrajudicial facts, without something more, does not suffice to show bias."[20]

## B. Motion to Recuse

---

[12] *Liteky v. United States*, 510 U.S. 540, 548 (1994).
[13] *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955).
[14] *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg*, 486 U.S. at 860–61, 108 S.Ct. 2194).
[15] *Id.* at 156.
[16] *Liteky*, 510 U.S. at 550, 114 S.Ct. 1147.
[17] *Id.* at 550–51.
[18] *Id.* at 555.
[19] *Id.*
[20] *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020).

Here, Green does not allege that Judge Isgur is actually biased in this proceeding.[21] Green asserts only that recusal under § 455(a) is appropriate because of an asserted appearance of impropriety.[22] Currently, there is a motion to vacate the order of employment and disgorge fees from Jackson Walker in light of the undisclosed personal relationship between former Judge David Jones and a certain Liz Freeman, who was a partner at Jackson Walker while former Judge Jones was presiding over this case.[23] On October 13, 2023, the involvement of former Judge Jones was terminated and this case was reassigned to Judge Isgur.[24] Green contends that there is an appearance of impropriety with respect to Judge Isgur because: (1) Judge Isgur presided over a prior motion to recuse former Judge Jones concerning this undisclosed relationship and the motion was denied, and (2) he has had a long standing personal friendship with former Judge Jones spanning the last thirty years who in turn, as discussed, has had a long standing personal relationship with Liz Freeman, whose former firm is now facing a motion to disgorge fees before Judge Isgur.[25] The Court will consider each in turn.

### 1. Prior denial of former Judge Jones' motion to recuse

Green's first argument is that there is an appearance of impropriety warranting recusal pursuant to § 455(a) because Judge Isgur previously denied a motion to recuse filed against former Judge Jones the substance of which concerned former Judge Jones' undisclosed relationship with Liz Freeman.[26]

First, this Court notes that Green's entire argument on this point is a single sentence and provides no elaboration or argument as to why this prior ruling creates an appearance of

---

[21] *See* ECF No. 511.
[22] *See id.*
[23] ECF No. 509.
[24] *See* October 13, 2023, Docket Entry.
[25] ECF No. 511.
[26] *Id.*

impropriety.[27] Green merely asserts, "[t]his Court was previously presented with allegations concerning the relationship and denied the requested relief."[28]

As discussed, adverse rulings or comments by a judge "will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."[29] First and foremost, it was not Green that filed the motion to recuse against former Judge Jones, it was a separate individual by the name of Michael Van Deelen.[30] The suggestion by Green that because Judge Isgur issued an adverse ruling against an unaffiliated third party with respect to the prior recusal motion is woefully insufficient to establish an appearance of impropriety. Green does not allege or provide any evidence demonstrating the existence of extrajudicial knowledge or a high degree of antagonism by Judge Isgur in rendering his prior ruling on recusal of former Judge Jones. As such, this argument is without merit.

### 2. Friendship with former Judge Jones

Next, Green contends that there is an appearance of impropriety warranting recusal pursuant to § 455(a) because Judge Isgur has had a longstanding thirty year friendship with former Judge Jones, provided him a job out of law school, and worked with him continuously before and after he took the bench.[31] Green does not analogize or attempt to compare any cases in support of this argument. Upon review, these facts are also insufficient to establish even an appearance of impropriety under Fifth Circuit case law. There are many cases in the Fifth Circuit in which arguments have been made that a close personal friendship between a judge and an attorney of

---

[27] *Id.*
[28] *See id.* at ¶ 2.
[29] *Liteky*, 510 U.S. at 550.
[30] *See* Case No. 20-3309 at ECF No. 8.
[31] ECF No. 511 at ¶ 3.

record or other party with an interest in a case before him creates an appearance of impropriety.[32] Almost universally, the Fifth Circuit has upheld a refusal by the presiding judge to recuse under these circumstances.[33] Nonetheless, the Fifth Circuit has cautioned that, "each § 455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."[34]

Here, however, the argument advanced by Green is even more attenuated than most of the caselaw on § 455(a), as neither Liz Freeman nor former Judge Jones are even involved in this proceeding. As well established by Fifth Circuit caselaw, the mere existence of a friendship between a presiding judge and an attorney of record is generally insufficient on its own to create an appearance of impropriety requiring recusal pursuant to § 455(a).[35] The Court finds this to be even more true when the friend in question is not a party before the Court and the movant has failed to put on evidence or argument establishing said friend's connection to the proceeding.

Furthermore, the Supreme Court has held that, "[t]he decision whether a judge's impartiality can " 'reasonably be questioned' " is to be made in light of the facts as they existed, and not as they were surmised or reported.[36] Green offered twenty-three (23) exhibits at the Hearing in support of his Motion to Recuse.[37] Exhibits 1-11, 20, and 22 were admitted pursuant to

---

[32] *See Henderson v. Dept. of Public Safety,* 901 F.2d 1288 (5th Cir.1990) (holding that the appellant's allegations that the judge has known opposing counsel since he was a kid and were good friends was not sufficient for recusal; "an investigation into the facts would have undermined the tenuous conclusion of bias that even Penn would draw from the hearsay statements upon which he based his motion"); *Vieux Carre Property Owners v. Brown,* 948 F.2d 1436 (5th Cir.1991), (concerning a judge that had a close personal and political relationship with the Mayor, who had a significant political stake in the outcome of the case); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, fn. 13 (5th Cir. 1994); *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 920 (2004). *See also United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995) ("[t]his Court has ruled, in factually limiting circumstances, that friendship between the judge and a person with an interest in the case is not sufficient grounds to reverse a judge's failure to recuse.").
[33] *See id.*
[34] *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).
[35] *See e.g., United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).
[36] *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 914 (2004).
[37] *See* ECF No. 548; December 12, 2023, Courtroom Minutes.

Federal Rule of Evidence 201 by judicial notice and were comprised of docket entries from the prior motion to recuse former Judge Jones (Exhibits 1-11), the Fifth Circuit Complaint against former Judge Jones (Exhibit 20), and the audio recording of the hearing to recuse former Judge Jones (Exhibit 22).[38] The admission of these exhibits did little other than to establish that a motion to recuse was filed against former Judge Jones (Exhibits 1-10), that the allegations levied against former Judge Jones at the recusal hearing were later asserted by the Fifth Circuit (Exhibit 20), and that Judge Isgur, with the evidence available to him at the time, denied the motion (Exhibits 11, 22).[39] As discussed *supra*, the mere fact that Judge Isgur issued an adverse opinion against a third party (Michael Van Deelen) with respect to the recusal motion is woefully insufficient to show the existence of an extrajudicial source or a high degree of antagonism against Green in this proceeding.[40] Furthermore, having now listened to the proceeding concerning the recusal of former Judge Jones, it appears to this Court that all evidentiary and legal matters were properly considered and ruled on appropriately in light of what was presented at the time.[41]

Exhibits 12-19 and 23-24 were admitted pursuant to Federal Rule of Evidence 902(6) as self-authenticating, as these exhibits were comprised of newspapers, articles, and news related podcasts concerning former Judge Jones.[42] However, these exhibits were not admitted for their truth, counsel did not clearly articulate what these exhibits were being admitted for if not for their truth, and counsel seemed to present them for their truth at the Hearing. All of the statements made in these exhibits are clear hearsay and the statements made therein cannot be considered by this Court in rendering a decision here. Furthermore, even if the Court were to consider them, the clips

---

[38] December 12, 2023, Courtroom Minutes.
[39] *See* ECF No. 548.
[40] *Liteky*, 510 U.S. at 550.
[41] *See* ECF No. 548-22.
[42] Fed. R. Evid. 902(6).

that were presented at the Hearing from these exhibits failed to demonstrate much other than that former Judge Jones and Judge Isgur are close friends, which, as discussed *supra*, is insufficient on its own to establish an appearance of impropriety in this case.

The Court also received testimony from a certain Miriam Goott, Mark Jones, and from Green himself.[43] While the Court finds each of their testimony to be credible, it was almost entirely irrelevant. Ms. Goott's testimony primarily focused on her opinion of how close of friends former Judge Jones and Judge Isgur are, and Green's testimony was primarily an improper legal opinion about whether or not he personally believed Judge Isgur to be impartial in this case.[44] Mr. Jones provided testimony concerning a survey he conducted (Exhibit 21 which was not offered or admitted into evidence) in which respondents were presented with a very abbreviated version of the facts of this case and asked if they believed Judge Isgur should be recused.[45] This survey was, similar to Green's testimony, not evidence of anything. This Court is both the finder of fact and decider of law in this case, and the opinions of individuals in an anonymous survey who do not know all of the facts of this case or the legal standards to be applied in this proceeding does nothing to move this Court.

Thus, other than what was largely speculation, hearsay, and improper legal opinions, little actual evidence was admitted at the Hearing for this Court to even substantively consider. Near the end of the Hearing, this Court asked counsel to explain how an adverse ruling against Jackson Walker, should one happen, would adversely affect former Judge Jones, as counsel had failed to clearly articulate what interest former Judge Jones even has in this case.[46] Counsel's response was merely to speculate that Liz Freeman may incur liabilities via her former partnership agreement

---

[43] December 12, 2023, Courtroom Minutes
[44] *Id.* (hearing testimony).
[45] *Id.*
[46] *Id.*

should disgorgement against Jackson Walker happen, and that presumably Liz Freeman and former Judge Jones have intertwined finances that would obligate him as well.[47] This argument was advanced as pure speculation and was not substantiated by any evidence. This Court cannot entertain or decide motions on speculation.

In sum, this Court wishes to acknowledge the vital importance of maintaining an impartial judiciary that is free from even an appearance of impropriety. Public trust in the judiciary is of the upmost importance. However, in this case Green has failed to present argument or evidence sufficient to warrant recusal of the Hon. Judge Marvin Isgur in this case.

Accordingly, the Motion to Recuse is denied.

## IV.    CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED December 15, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[47] December 12, 2023, Courtroom Minutes (hearing testimony).