IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| In re: § <br> § Chapter 11 <br> 4E BRANDS NORTHAMERICA, LLC,[1] § <br> § Case No. 22-50009 (MI) <br> Debtor. § <br> § | |

**JACKSON WALKER LLP'S EMERGENCY MOTION TO CONTINUE AND/OR
REINSTATE ABATEMENT PENDING DETERMINATION OF STANDING**
[Relates to Dkt. Nos. 510, 527 & 582]

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN JANUARY 2, 2024.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Jackson Walker LLP ("JW") files this *Emergency Motion to Continue and/or Reinstate Abatement Pending Determination of Standing* (the "Motion"), requesting entry of an order abating the *Amended Motion to Vacate Employment Order, Final Fee Order, for Disgorgement and Sanctions* [Dkt. No. 510] (the "Motion to Vacate"), filed by Barry Green, as Wrongful Death Representative of the Estate of Joshua Maestas, and Carolina Maestas (the "Maestas Parties"), pending this Court's determination on whether the Maestas Parties have standing to proceed. In support of this Motion, JW states as follows:

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is 4E Brands Northamerica LLC (0310). The Debtor's principal place of business is 17806 Interstate Highway 10, Suite 300, San Antonio, TX 78257. The Debtor's service address is: 41 W. Putnam Ave., STE 103, Greenwich, CT 06830.

## BACKGROUND

1. JW previously requested that this Court abate JW's response deadline and related discovery deadlines regarding the Maestas Parties' Motion to Vacate while JW and the U.S. Trustee met and conferred on various procedural issues implicated by the U.S. Trustee Motions[2] that were filed in 17 cases (including this one) and which are pending before 3 different judges.

2. On November 7, 2023, the Court entered an *Order for Conference* regarding the U.S. Trustee Motions, requesting that JW and the U.S. Trustee submit a joint report in connection with proposed response and briefing deadlines in respect of the U.S. Trustee Motions. *See* Dkt. No. 519. The Court also set a December 12, 2023 status conference. *Id*.

3. This Court entered its *Abatement Order* [Dkt. No. 527] (the "Abatement Order") over the opposition of the Maestas Parties on November 14, 2023, pending the earlier of (i) a recusal determination by Chief Judge Rodriguez;[3] or (ii) the entry of an order by Chief Judge Rodriguez directing a contrary result.

4. The Maestas Parties again requested to terminate the abatement via an *Emergency Motion for Status Conference and to Terminate Abatement* [Dkt. No. 535] (the "Renewed Abatement Termination Request") on November 22, 2023. The Court declined to consider the

---

[2] On November 3, 2023, Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee") filed his *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications for Compensation and Reimbursement of Expense* [Dkt. No. 517] (the "Rule 60 Motion"). On the same day, the U.S. Trustee filed his *Motion for Withdrawal of the Reference and Referral of Motion for Relief under Rule 60(b)(6) and Related Matters* [Dkt. No. 518] (the "Motion to Withdraw", and together with the Rule 60 Motion, the "U.S. Trustee Motions") requesting that the reference of the Rule 60 Motion be withdrawn pursuant to 28 U.S.C. § 157(d).

[3] The Maestas Parties filed a *Motion to Recuse* on October 30, 2023 [Dkt. No. 511]. This Court entered an *Order Referring Matter to Chief Judge* that same date, referring the Maestas Parties' recusal request to Chief Judge Rodriguez. *See* Dkt. No. 512.

Renewed Abatement Termination Request on an emergency basis.  *See* Dkt. No. 536.[4]  The Renewed Abatement Termination Request remains pending.

5.  This Court entered a *Case Management Order* relating to the U.S. Trustee Motions on December 7, 2023.  *See* Dkt. No. 542.  The Case Management Order provided that Chief Judge Rodriguez would preside over "[a]ll future documents and pleadings concerning discovery and pretrial matters" regarding the U.S. Trustee Motions in a newly opened miscellaneous proceeding, Misc. Proc. No. 23-00645 (EVR) (the "Miscellaneous Proceeding").  *See* Case Management Order, ¶ 2.

6.  On December 12, 2023, Chief Judge Rodriguez conducted an evidentiary hearing with respect to the Maestas Parties' Motion to Recuse.  Following the conclusion of the hearing, Chief Judge Rodriguez took the matter under advisement.  Chief Judge Rodriguez thereafter entered an *Order Denying Motion to Recuse* and related *Memorandum Opinion* on December 15, 2023.  *See* Dkt. Nos. 573 & 574.

7.  Also on December 12, 2023, this Court conducted its status conference (the "Status Conference") pursuant to its previously entered *Order for Conference*.  JW, the U.S. Trustee, and certain other parties appeared, including counsel for the Official Committee of Unsecured Creditors in the above-captioned case.  In connection with the Status Conference, the parties discussed various procedural and substantive issues relating to both the U.S. Trustee Motions and related pleadings filed in this case which seek similar relief, including the Maestas Parties' Motion to Vacate and related joinder filed by the Committee.

---

[4] On December 13, 2023, out of an abundance of caution, JW filed a response to the Renewed Abatement Termination Request.  *See* Dkt. No. 567.

8. At the Status Conference, the Court inquired as to who may or may not be an indispensable party and who may or may not have standing in the various cases pending before this Court, including this case, in respect to the relief sought in respect of JW. At the conclusion of the hearing, the Court "asked the parties to identify any indispensable parties that must be joined in the proceeding to enable the Court to grant effective relief," and that any "[p]otential parties must respond by 01/10/2024 at 5:00 PM" with a hearing to be held on January 16, 2024 at 4:00 pm. *See* December 13, 2023 Courtroom Minutes; *see also Order Requiring Any Party-in-Interest Who Asserts Standing or Indispensable Party Status to File a Notice Stating a Basis for Indispensable Party Status or Standing in Connection with Jackson Walker LLP Fee Matters* [Dkt. No. 582] (the "Order Requiring Notice").[5]

9. Following the Status Conference and Judge Rodriguez's *Order Denying Motion to Recuse*, on December 15, 2023, counsel for the Maestas Parties requested that JW provide dates for depositions of three witnesses to occur during the first couple of weeks in January 2024.

10. On December 20, 2023, JW informed the Maestas Parties that it believed depositions were not appropriate at this time given the standing issues raised by the Court that will be decided on January 16, 2024, and declined to provide deposition dates.

11. On December 21, 2023, Chief Judge Rodriguez held a status conference in the Miscellaneous Proceeding where he asked JW and the US Trustee, among other things, to "identify any indispensable parties that must be joined in [the] Miscellaneous Proceeding to enable the Court to grant effective relief." *See Order Setting Non-Evidentiary Electronic Status Conference* [Misc. Proc. No. 23-00645 (EVR), Dkt. No. 20]. At this status conference, Chief Judge Rodriguez

---

[5] The Order Requiring Notice was served on the Maestas Parties on December 22, 2023. *See Certificate of Notice* [Dkt. No. 587].

138442686.3                                  - 4 -

acknowledged the same indispensable party and standing issues raised by this Court, and stated "we should hold off on opening discovery until all these issues have been resolved." *See* Misc. Proc. No. 23-00645 (EVR), Dkt. No. 45, Dec. 21 Hr'g Tr. at 18:16-20; *see also* Dec. 21 Hr'g Tr. at 20:5-7 ("I'm hesitant to issue a Scheduling Order, you know, with specific deadlines if all the parties are not currently before the Court."); Dec. 21 Hr'g Tr. at 29:20-24 ("Yeah, I'm really concerned about [the standing and indispensable party issues]. I really am. I want to make sure we have everybody here that should be here in dealing with these issues. I don't want anybody to have to deal with this a second time or have anybody left out.").[6]

### RELIEF REQUESTED AND BASIS FOR RELIEF

12. A court has discretion to abate or stay response and discovery deadlines related to contested matters before the court.[7] A court may also issue an order to protect a party from "undue burden or expense," including by forbidding discovery.[8] *See* Fed. R. Civ. P. 26(c); Fed. R. Bankr. P. 9014(c). This is particularly important here where there is a fundamental question of the party seeking discovery as to whether that party has standing, given that standing is a threshold issue that must be determined before a decision on the merits can be reached.[9]

---

[6] While the Maestas Parties' Motion to Vacate has not yet been transferred to the Miscellaneous Proceeding, JW anticipates that such Motion to Vacate may ultimately be transferred with respect to the handling of all pre-trial and discovery matters if it is ultimately determined that the Maestas Parties have standing (which JW disputes) to pursue their requested relief. JW would also anticipate that upon such transfer (again, solely to the extent it is ultimately determined by this Court that the Maestas Parties have standing, which JW disputes), Chief Judge Rodriguez would enter a scheduling order on any related response and briefing deadlines.

[7] *See In re Finley*, No. 11-47177-RFN-7, 2012 WL 4464555, at *2 (Bankr. N.D. Tex. Sept. 25, 2012) ("It is within the court's discretion to control the trial deadlines in its cases, and the court frequently enters scheduling orders to establish dates and deadlines in a case prior to resolution of pending motions.").

[8] JW reserves its right to seek entry of a protective order or to move to quash any deposition notices received by JW in advance of the January 16, 2024 hearing under the Order Requiring Notice.

[9] *In re SunEdison, Inc.*, Case No. 16-10992 (SMB), 2019 WL 2572250, at *5 (Bankr. S.D.N.Y. June 21, 2019) (noting that the court "carved-out this [standing] gating issue for preliminary consideration" before turning to the merits of the creditor's request to vacate an employment order and fee order post-confirmation). The Court in *SunEdison* ultimately concluded that the creditor "lacks standing to prosecute a claim of fraud on the court, and although the Court may nevertheless examine the allegations *sua sponte* and order such relief as it deems appropriate, it declines

13. Without a finding that the Maestas Parties have both constitutional and prudential standing,[10] as well as party-in-interest standing,[11] this Court lacks subject matter jurisdiction over the Maestas Parties' Motion to Vacate. These are the very issues that this Court previously ordered to be briefed by January 10th, with a hearing to follow on January 16th. For this reason, JW believes that any response and/or discovery related to the Motion to Vacate should continue to be abated pending this Court's consideration of the substantive standing issues that will be addressed at the January 16th hearing and a determination on the Maestas Parties' standing.

14. Contemporaneously with the filing of this Motion, JW has filed an *Emergency Motion to Determine Lack of Standing of Maestas Parties* [Dkt. No. 590] (the "Standing Motion"), which JW has requested that the Court hear on January 16, 2024 in conjunction with the Court's hearing regarding indispensable parties or parties with standing, set by the Court's Order Requiring Notice. *See* Order Requiring Notice ¶ 4 (setting a hearing on January 16, 2024 and requiring "[a]ny party who files a Notice [to] appear and be prepared to argue the merits of the Notice."). As more fully set forth in the Standing Motion, the Maestas Parties lack standing to pursue their Motion to Vacate. Under the confirmed Plan,[12] the Maestas Parties are holders of a Class 4 General Unsecured Claim, which, if allowed, will receive a pro rata share of the GUC Pool (a finite pool of $2.6 million) and a waiver of avoidance actions.[13] As such, the requested vacatur of JW's

---

in the exercise of its discretion to conduct its own investigation and leaves the question of whether and how to investigate [the creditor's] allegations to the Department of Justice." *Id.* at *1.

[10] "The party seeking relief bears the burden of proving both Constitutional and prudential standing." *Id.* at *5.

[11] *Id.* at *6 (citing *Scott v. Residential Capital, LLC (In re Residential Capital, LLC)*; No. 14 Civ. 761(ER), 2015 WL 629416, at *3 (S.D.N.Y. Feb. 13, 2015) ("To have standing in bankruptcy court, a party must meet three requirements: (1) Article III's constitutional requirements; (2) federal court prudential standing requirements; and (3) the "party in interest" requirements under Section 1109(b) of the Bankruptcy Code.")).

[12] *See First Amended Combined Disclosure Statement and Joint Plan of Liquidation of 4E Brands Northamerica LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 343] (as amended, the "Plan").

[13] Pursuant to the *Order Regarding Motions for Temporary Allowance of Claims for Voting Purposes* [Dkt. No. 282], the Maestas Parties were permitted to submit ballots as holders of Class 3 Covered Personal Injury Claims for *voting purposes only*. *See* Dkt. No. 282 ¶¶ 1-2, 5. Even if the Maestas Parties were considered to be holders of Class 3

employment application or fee applications, and the resulting disgorgement of funds, if any, will not result in further recovery to the Maestas Parties under the terms of the confirmed Plan. Further, to the extent that there was any harm arising from JW's alleged non-disclosure, such harm was not on the Maestas Parties individually. The Maestas Parties, therefore, do not have constitutional standing (*i.e.*, they do not have an "injury in fact" that is fairly traceable to JW's alleged non-disclosure or that could be redressed by a favorable ruling), prudential standing (*i.e.*, they do not have legal rights and interests of their own and cannot rest their claims to relief on the legal rights or interests of third parties), or party-in-interest standing (*i.e.*, they do not have a legal protected interest that could be affected by vacatur of the employment or fee orders). Thus, the Court lacks subject matter jurisdiction over the Maestas Parties' Motion to Vacate, which must be denied for lack of standing.

15. Accordingly, JW requests that the Court continue and/or reinstate the abatement until such time as the Court has ruled on JW's Standing Motion.[14]

**EMERGENCY CONSIDERATION**

16. JW requests emergency consideration of this Motion, in accordance with Bankruptcy Local Rule 9013-1(i). An emergency exists because the Maestas Parties have requested depositions from three JW attorneys, with such depositions requested for the first couple

---

Covered Personal Injury Claims for distribution purposes, they would still not have standing to bring their Motion to Vacate. Article III.C.3 of the Plan provides that holders of Class 3 Covered Personal Injury Claims are entitled to continue or commence actions against the Debtor to determine the Debtor's liability on account of such claim and, if liable, the amount of such claim. To the extent that such action results in settlement or judgment, each holder of an Allowed Covered Personal Injury Claim will receive (i) either a pro rata share of the total insurance coverage available under the Debtor's policies or 100% of their allowed claim; (ii) their pro rata share of the Insurance Deductible Pool (a finite pool of $100,000), if applicable; and (iii) standing to pursue any cause of action of the Debtor against an insurer for non-payment of clauses (i) or (ii). Thus, the Maestas Parties, even if holders of Class 3 claims for distribution purposes, would still not receive any additional recovery under the confirmed Plan if the relief sought by the Motion to Vacate was granted, and they therefore would lack standing as holders of Class 3 claims as well.

[14] As noted above, to the extent it is determined that the Maestas Parties have standing, JW reserves its rights to move this Court to refer all discovery and pre-trial matters related to the Motion to Vacate to the Miscellaneous Proceeding for coordinated response, briefing, and discovery.

of weeks in January 2024; yet, the Court has not determined whether the Maestas Parties have standing to pursue the relief requested in their Motion to Vacate.  That standing determination will likely be made on or around January 16, 2024, following the hearing previously set by this Court pursuant to its Order Requiring Notice; thus, responses, briefing and/or depositions should be abated pending a ruling on this gating jurisdictional issue.

## **CONCLUSION**

Based on the above, JW respectfully requests that the Court enter an order continuing and/or reinstating the abatement of the Maestas Parties' Motion to Vacate until such time as the Court has made a determination on the Maestas Parties' standing or lack thereof.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 27, 2023

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
William R. Greendyke (SBT 08390450)
Julie Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Email: jason.boland@nortonrosefulbright.com
Email: william.greendyke@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com

*Counsel for Jackson Walker LLP*

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jason L. Boland*
Jason L. Boland

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason L. Boland*
Jason L. Boland