IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| 4E BRANDS NORTHAMERICA § | CASE NO. 22-50009 |
| LLC § | |
| Debtor | |

## MOTION TO ALTER OR AMEND JUDGMENT AND TO SUPPLEMENT THE RECORD

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

   **COMES NOW**, Barry Green as Wrongful Death Representative of the Estate of Joshua Maestas, and Carolina Maestas, general unsecured creditors of the estate,

and file this *Motion For New Trial,* and respectfully shows the Court as follows:

1. The Court held a hearing on Movants *Motion To Recuse* on December 12, 2023.
2. On December 15, 2023, the issued its *Memorandum Opinion* (the "Opinion") and an *Order* denying the requested relief. Docket #573 and Docket #574.
3. In its Opinion, the Court considered some of the evidence presented, however it appears that the intent content may have been misinterpreted.
4. In addition, Movants request the Court to supplement the record with previously unavailable evidence and to formally include the Demonstrative exhibits utilized during the hearing for potential appellate purposes. See Exhibits #1 and #2
5. First, the Court considered the prior *Motion to Recuse* evidence as separate and unconnected evidence intending to show an appearance of partiality, concluding that rulings made by a court rarely support disqualification.
6. The evidence of the prior *Motion To Recuse* and Judge Isgur's involvement as evidence of knowledge of the allegations and to support the appearance that Judge Isgur was aware of the allegations.
7. That evidence was not stand-alone evidence presented to prove or disprove the improper appearance. Movant's believe that the evidence should have been considered together with the additional evidence of the longstanding, close relationship that reflects the improper appearance.
8. The ruling denying the recusal, in and of itself, was not presented as an independent ground for disqualification.
9. The collective evidence shows that the relationship together with the prior knowledge of the allegations creates the appearance requiring disqualification. That evidence was summarized, collected and tested by Movant's expert, Mr. Jones.
10. The evidence provided by the expert provides that given the facts of this case together with the relationship between the judges results in a clear appearance of partiality – 81% to 19%. That evidence was uncontradicted and unchallenged.

**MOTION**

11. Finally Movants request the Court to consider newly discovered evidence further reflecting the close personal relationship between Judge Isgur and former Judge Jones.  See Exhibit #3
12. The evidence was previously unavailable as the original source of the transcript – Emory University – had removed it from their online resources.
13. The evidence is a transcript of remarks given by Judge Isgur at an award ceremony where former Judge Jones was receiving an award from the law school.
14. In his remarks, Judge Isgur introduced Judge Jones as his son, his adopted son.  See Exhibit #3.
15. This additional evidence of the relationship reflects an appearance that requires disqualification.
16. Movants are requesting relief pursuant to F<small>ED</small>. R. B<small>ANKR</small>. P. 9023(a) and F<small>ED</small>. R. B<small>ANKR</small>. P. 9024(b)(2).

    **WHEREFORE**, Movants request the Court to grant its Motion, modify its findings to conclude that disqualification is necessary and to allow the supplementation of the record to include the demonstrative exhibits utilized at trial and the newly discovered evidence, and for such other and further relief, at law or in equity, to which they may be justly entitled.

Dated:  December 28, 2023.

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
SBN#15601700
COUNSEL FOR MOVANTS

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**jjp@walkerandpatterson.com**

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Motion was served on all parties receiving notice pursuant to the Court's CM/ECF system by electronic transmission on December 28, 2023.

By: */s/ Johnie Patterson*
Johnie Patterson

MOTION