# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| 4E BRANDS NORTH AMERICA LLC, | ) Case No. 22-50009 (CML) |
| Debtor. | ) |

## ORDER APPROVING COMPROMISE AND SETTLEMENT
## PURSUANT TO BANKRUPTCY RULE 9019

Upon the hearing on the Motion (the "**Motion**") for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019 filed by David Dunn, in his capacity as the Plan Agent and sole manager, sole director, sole officer and sole representation for 4E Brands Northamerica LLC (the "Plan Agent"), the Court having considered the Motion, all responses or objections thereto, the evidence presented at the hearing, the arguments of counsel, and the law, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding under 28 U.S.C. § 157; that notice of the Motion and the opportunity for hearing on the Motion was appropriate under the particular circumstances; that no other or further notice need be provided; that the terms of the Settlement Agreement are fair, equitable, and in the best interest of the Debtor, the Debtor's estate, the creditors, and all other parties-in-interests; and after due deliberation and sufficient cause appearing therefore, it is:

**ORDERED** that the Settlement as described in the Motion and Settlement Agreement (attached hereto as **Exhibit A**) is approved.  The Settlement Agreement and the terms and conditions thereof, including, without limitation, the mutual releases contained therein, are incorporated by reference herein and approved in their entirety as if set forth herein; and it is further

**ORDERED** that all objections, statements, or reservations of rights regarding, or other responses to the Motion or the relief granted herein that have not been withdrawn with prejudice, waived, or settled, are overruled and denied on the merits with prejudice; and it is further

**ORDERED** that the Plan Agent is authorized to enter into the Settlement Agreement, execute all other documents, and take any and all actions necessary to effectuate the Settlement Agreement; and it is further

**ORDERED** that this Order is binding in all respects upon all parties in interest in this case, creditors of the Debtor or the estate, and the successors and assigns of each of the foregoing; and it is further

**ORDERED** that the *Final Order Allowing Compensation and Reimbursement of Expenses* [Dkt. No. 427] is VACATED; and it is further

**ORDERED** that Jackson Walker LLP's compensation and reimbursement of expenses are approved on a final basis in the amount of $249,726.31; and it is further

**ORDERED** that this Order shall be effective immediately upon its entry; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: _____

Christopher Lopez
United States Bankruptcy Judge